**ORIGINAL**

# United States Court of Federal Claims

No. 12-91 C
April 26, 2016
UNPUBLISHED

**FILED**
APR 26 2016
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| **OWEN EVANS,** | ) |
| *Plaintiff,* | ) Military Pay; Disability Discharge; Due Process Clause; Motion To Dismiss, RCFC 12(b)(1) and 12(b)(6); Motion for Judgment on the Administrative Record, RCFC 52.1 |
| v. | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

Owen Evans, *pro se*, San Diego, California.

Jana Moses, Esq., United States Department of Justice, Civil Division, Washington DC, for defendant.

## OPINION AND ORDER

**Futey,** *Sr. Judge.*

Plaintiff, Owen Evans, proceeding *pro se*, is a former reservist in the United States Navy. Plaintiff alleges that the Navy unlawfully separated him and brings claims for back pay and entitlements, pursuant to the Military Pay Act, 37 U.S.C. 204, disability retirement benefits, and compensatory damages based on alleged violations of his Fifth Amendment Due Process Clause rights. Before the Court are plaintiff's motion for partial judgment on the administrative record, pursuant to Rule of the Court of Federal Claims ("RCFC") 52.1 and defendant's motion to dismiss, pursuant to RCFC 12(b)(1) and 12 (b)(6), and cross-motion for judgment on the administrative record.

## BACKGROUND

Plaintiff enlisted in the U.S. Navy Reserve on December 14, 2001. Am. Compl. ¶ 7-13. The Navy mobilized plaintiff on February 14, 2005, for 12 months of active duty in support of Operations Iraqi Freedom and Enduring Freedom. AR 90, 93, 102. Prior to his mobilization, plaintiff completed a routine pre-deployment health examination, describing his health as "excellent." AR 176, 178. The Navy stationed plaintiff in Kuwait beginning on March 5, 2005. AR 168. Plaintiff returned to the United States on August 5, 2005. *Id.*

There is substantial disagreement between the parties on the circumstances of plaintiff's travel back to the United States. Plaintiff alleges that the Navy redeployed him to the Navy's Mountain Warfare Training Facility. Plaintiff contends that the Naval Personnel Command modified his orders on August 30, 2005, but that plaintiff's superior officer did not convey the new orders.[1] Pl.'s Mot. at 5 (citing AR 121-22). Defendant contends that plaintiff did not have authorization to return to the United States and that he disregarded his orders. Def.'s Mot. at 3 (citing AR 89-91).

On February 10, 2006, as his tour of active duty was ending, plaintiff reported to the Navy Mobilization Processing Site in San Diego, California for demobilization. Am. Compl. ¶ 48. As part of this process, plaintiff completed a post-deployment health assessment, as well as dental and physical examinations. AR 159, 160-161, 168-171, 165, 177. Plaintiff indicated at this time that his overall health had not changed since his last assessment and that he did not have any conditions that limited his ability to perform his duties. AR 160. The dental exam revealed that his blood pressure was "high" but the medical staff did not refer him to the Disability Evaluation System and declared plaintiff "fit for full duty." AR 159, 165, 177. The Navy separated plaintiff from active duty on February 13, 2006, and eventually discharged him from the Navy Reserve several years later, on December 13, 2009.[2] AR 136.

On February 9, 2012, plaintiff filed his complaint in this Court, seeking $650,000 in damages, a referral to the Disability Evaluation System, a correction of his military records, and fees. ECF No. 1. At the parties' request, the Court stayed the case and remanded it to the Board for Correction of Naval Records (the "Board") to consider plaintiff's claims. ECF No. 26. In that venue, plaintiff sought disability retirement with a 95% disability rating, a promotion, commensurate back pay and entitlements from February 13, 2006 to March 31, 2014, and a correction of his military personnel file. AR 8-12.

The Board issued its decision on July 7, 2015, partially granting plaintiff's desired records correction and denying all other requested forms of relief. AR 1-4. Plaintiff then amended his complaint in this Court on October 8, 2015. ECF No. 41.

Plaintiff now seeks a variety of relief. He requests a declaratory judgment stating that the Navy unlawfully discharged him, retroactive extension of his enlistment contract, with promotion, from February 13, 2006 to March 31, 2014, and $1,200,000 in damages as well as a permanent 95% disability classification. Additionally, he requests $5,000,000 in compensatory damages for alleged Due Process Clause violations by the Board for

---

[1] Plaintiff alleges that Navy command failed to deliver his modified orders and falsified an attached document. Am. Compl. ¶ 32, 34, 36, 41, 45-51.

[2] Plaintiff maintains that he wished to re-enlist in the Navy on active duty at the time of his separation. Am. Compl. ¶ 25, 67.

- 2 -

Correction of Naval Records, and the removal of additional military records. Am. Compl. at 21-22.

Plaintiff filed his motion for partial judgment on the administrative record on November 19, 2015. ECF No. 42. Defendant filed its motion to dismiss and cross-motion for judgment on the administrative record on December 24, 2014. ECF No. 43. Plaintiff submitted a response to those motions on January 15, 2016. ECF No, 44. Defendant filed its reply on February 4. ECF No. 45.

## DISCUSSION

Plaintiff seeks a partial judgment on the administrative record on his claims for back pay and entitlements, disability benefits, and correction of his naval records. Plaintiff bases these claims on a theory that the Navy unlawfully discharged him because it failed to conduct a physical examination during his separation. Pl.'s Mot. at 6. Plaintiff contends this error entitles him to two forms of relief: a retroactive extension of his enlistment contract, with promotion, from his date of separation on February 13, 2006 to March 31, 2014, and a permanent disability retirement at a 95% rating from that date forward. Am. Compl. at 21-22.

Defendant has moved to dismiss these claims for failure to state a claim upon which relief can be granted or, alternatively, requests a judgment on the administrative record in its favor. Defendant contends that plaintiff's theory cannot entitle plaintiff to the relief requested. Furthermore, defendant seeks dismissal of plaintiff's Due Process claim for lack of subject matter jurisdiction.

### A. Plaintiff's Theory of Unlawful Separation

Naval regulations set out several minimum separation procedures for service members, such as plaintiff, who are returning from more than 31 consecutive days of active duty. U.S. Navy Manual of the Med. Dep't. Ch. 15 Art. 15-20. First, service members complete a medical history report form to document their past and present medical conditions. Then, Navy examiners interview the service member, review their medical history form, and note any material health changes. *Id.* at (2)(a-b). Finally, the Navy provides a focused physical examination to investigate any new medical conditions and makes a determination of the service member's fitness for separation. *Id.* at (2)(c-f).

The gravamen of plaintiff's allegation is that the Navy failed to provide him with a physical examination. Am. Compl. ¶ 55. Naval policy, however, does not require a physical examination during separation, if the Navy has examined the service member within five years. Military Personnel Manual 1900-808 at 1. The Navy last examined plaintiff on October 25, 2001, roughly four years and three months prior to his separation on February 13, 2006. AR 179-86, 196. Under naval policy, a new physical examination was therefore not required.

Furthermore, the record contains significant evidence that plaintiff received a thorough medical evaluation during his separation.[3] Navy examiners evaluated plaintiff, gauging and recording conventional health factors such as blood pressure, vision, and body mass index. AR 159. The examiners did not discover any limiting health issues and concluded that plaintiff was fit for full duty. *Id.*

Plaintiff's self-evaluation confirmed the Navy's conclusions.[4] In his report of medical assessment, plaintiff indicated that his overall health had not changed over the course of his deployment, that he did not have any medical conditions that would limit his ability to work, and that he did not intend to seek disability benefits. AR 160-61. Indeed, plaintiff described his health at the time as "very good." AR 170.

## B. Plaintiff Cannot State a Claim for Extension of His Enlistment

In order to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under RCFC 12(b)(6) is proper "when the facts asserted by claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In considering such a motion, the Court accepts "all well-pleaded factual allegations as true and draws all reasonable inferences in the claimant's favor." *Id.* at 1257.

Plaintiff cannot state a claim upon which relief can be granted because the alleged facts do not entitle him to relief. The Navy mobilized plaintiff for 12 months of active duty, beginning on February 14, 2005, and his orders for active duty expired in February of 2006. AR 102. At that point, his tour of active duty came to a natural conclusion. Service members do not have a "right to enlist or reenlist in the armed forces, unless specially given one by statute or regulation." *Dodson v. United States*, 988 F.2d 1199, 1203-1204 (Fed. Cir. 1993). Thus, plaintiff's theory that he would have remained on active duty but for his separation runs aground of "[t]he established rule . . . that one is not entitled to the benefit of a position until he has been duly appointed to it." *United States v. Testan*, 424 U.S. 392, 402 (1976). Plaintiff cannot state a claim for an extension of his enlistment contract because he had no entitlement to continue to serve in the Navy on active duty.[5]

---

[3] The administrative record contains extensive documentation of plaintiff's medical records while enlisted in the Navy. AR 99-228.

[4] Plaintiff now alleges that he "signed all [medical] forms under duress." Am. Compl. ¶ 54. Plaintiff does not, however, present any alternative, contemporaneous medical evidence of his alleged disability, such as an examination from a third-party physician.

[5] Plaintiff also cannot seek relief under the constructive service doctrine for this reason. Under that doctrine, improperly separated service members can recover damages for the

- 4 -

## C. Plaintiff's Claim for Disability Benefits Is Not Supported by the Record

A judgment on the administrative record is "properly understood as . . . an expedited trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005). In contrast to a RCFC 56 motion for summary judgment, "a genuine dispute of material fact does not preclude a judgment on the administrative record." *Sierra Nevada Corp. v. United States*, 107 Fed. Cl. 735, 751 (2012) (citing *Bannum*, 404 F.3d at 1355-56). Instead, the Court considers whether, given all of the disputed and undisputed facts in the record, a party has satisfied its burden of proof. *Bannum*, 404 F.3d at 1356.

Plaintiff has not demonstrated that the Navy improperly failed to refer him to the Disability Evaluation System. The record reflects that the Navy conducted a thorough medical examination of plaintiff, including post-deployment health assessment, physical, and dental examinations. AR 159-162. Navy medical personnel concluded that plaintiff was "physically qualified for separation from active duty" and that "[n]o defects have been noted that would disqualify [him] from the performance of [his] duties or entitle [him] to disability benefits." *Id.* Although plaintiff's medical examination revealed that plaintiff's blood pressure was "high," his readings were below the threshold set by Navy guidelines for referral to the disability system.[6]

Furthermore, the Board for Correction of Naval Records considered and denied plaintiff's claim for disability. The Board found that "insufficient evidence exists" to place petitioner on permanent disability and that "he did not meet the criteria for referral" to the Disability Evaluation System during his separation. AR 1-2. An advisory opinion from the U.S. Navy Bureau of Medicine and Surgery buttressed the Board's conclusion. AR 21. The Bureau found that plaintiff's "mildly elevated" blood pressure "did not require specific follow up, did not require specialized referral, did not meet the threshold for referral to the Disability Evaluation System, and was not sufficient to delay separation." *Id.* The advisory opinion concluded that plaintiff "met medical standards for separation." *Id.*

The Board's findings bind plaintiff unless he can establish that the Board acted arbitrarily or capriciously. *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998). This Court does not function as a "super correction board." *Harris v. United States*, 14 Cl. Ct. 84, 89 (1987), *aff'd*, 861 F.2d 729 (Fed. Cir. 1988). Judicial deference to the military's fitness for duty assessments of its service members "is and of right should be the norm." *Maier v. Orr*, 754 F.2d 973, 984 (Fed. Cir. 1985). This determination "is not a judicial

---

remainder of their tour of active duty. *Barnick v. United States*, 591 F.3d 1372, 1379 (Fed. Cir. 2010). Here, plaintiff's tour of active duty concluded on the date of his separation.

[6] Navy guidelines recommend referral to a physical evaluation board for hypertensive cardiovascular disease if a service member registers five blood pressure readings with a diastolic pressure of greater than 100mm Hg. *See* SECNAVINST 1850.4E, Encl. 8, Sec. 8006(d)(3). Plaintiff's readings were 93, 90, 92, and 90mm Hg. AR 159, 165.

province" and the Court "cannot substitute [its] judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983). This Court's review is limited to determining whether the Board supported its decision with substantial evidence. *Id.* at 1157.

In the instant case, the record demonstrates that the Board considered all of the available evidence before it and supported its decision to deny plaintiff's disability claim with substantial evidence. The Board reviewed plaintiff's medical records and evaluated whether he met the medical criteria for referral to the Disability Evaluation System. AR 2. The Board also weighed the Bureau of Medicine and Surgery's advisory opinion on plaintiff's qualification for the disability system, as well as plaintiff's rebuttal of the advisory opinion. *Id.* There is no evidence in the record to indicate that the Board was arbitrary or capricious in denying plaintiff's disability claim and, accordingly, this Court will not disturb the Board's decision.[7]

### D. This Court Lacks Jurisdiction over Plaintiff's Due Process Claim

Plaintiff brings a compensatory claim for a Fifth Amendment Due Process Clause violation by the Board for Correction of Naval records. Am. Compl. ¶ 128-131. Plaintiff alleges that the Board denied him a "full and fair consideration" of his case, resulting in harm to his liberty and property interests. *Id.*

It is well established that this Court lacks jurisdiction over claims for a violation of the Fifth Amendment's Due Process Clause *E.g., James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998); *Flowers v. United States*, 321 F. App'x 928, 934 (Fed. Cir. 2008). The Due Process Clause does not trigger this Court's jurisdiction because it is not money-mandating. *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988).

## CONCLUSION

For the reasons discussed above, the following is hereby ordered:

> 1. With respect to plaintiff's first, fourth, and fifth causes of action for back pay and constitutional claims, defendant's MOTION to dismiss is GRANTED.
>
> 2. With respect to plaintiff's second and third causes of action for disability benefits, defendant's CROSS-MOTION for judgment on the administrative record is GRANTED.

---

[7] The Court will also not upset the Board's decision to deny plaintiff's military records claim.

3. Plaintiff's partial MOTION for judgment on the administrative record is DENIED.

The Clerk is directed to take the necessary steps to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
Bohdan A. Futey
Senior Judge